DECISION
Plaintiffs appeal Defendant's denial of claimed unreimbursed employee expenses for tax years 2006, 2007, and 2008. A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on May 4, 2011. Robert Branner (Branner), certified public accountant, appeared and testified on behalf of Plaintiffs. Plaintiffs were in attendance but did not testify. Chong Long (Long), tax auditor, appeared and testified on behalf of Defendant. Jared Houser, tax auditor, was in attendance but did not testify.
Plaintiffs' Exhibits 1 through 5 and Defendant's Exhibits A through H were admitted without objection.
 I. STATEMENT OF FACTS
Branner testified that Daniel J. Hiatt (Plaintiff) has been a teacher and coach for many years and that he has "financially assisted" the teams he coached by paying for "uniforms, travel, meals, [and] lessons" out of his own pocket, with no reimbursement from the school district. Branner testified that Plaintiff received a "stipend for after school activities" but that amount was "less than minimum wage." Branner testified that Plaintiff has "spent his life serving our children." *Page 2 
Branner testified that Plaintiffs' federal income tax returns were audited by the "IRS" and the "IRS advised them to file amended returns, claiming Plaintiff's out of pocket costs as charitable donations," not unreimbursed employee expenses. Branner submitted evidence that the Internal Revenue Service (IRS) audited Plaintiffs for tax year 2007 and testified that the IRS has not completed its audit. (Ptfs' Ex 2.) Branner also submitted a letter from Madras High School and testified that the "IRS Agent told him the wording that should be on the statement." (Ptfs' Ex 3.) The letter stated that Plaintiff "never submitted or received any reimbursement for any coaching, uniforms, conferences, clinics, scouting expenses, meal money, coaching registration or mileage from Jefferson County School District." (Id.) Even though the school district had an expenses reimbursement policy, the letter stated that "[e]ven if Mr. Hiatt had submitted receipts for any coaching expenses incurred during the 2004-2007 tax years, there were no district budgeted funds available for reimbursement of any of these coaching expenses." (Def's Ex D; Ptfs' Ex 3.)
In support of Plaintiffs' claimed charitable donations, Branner referenced Department of the Treasury, Publication 526, "Charitable Contributions, For use in preparing 2010 Returns." (Ptfs' Ex 5.) When asked by Long where in the publication it states that Plaintiffs can claim charitable donations not made "directly to a charitable organization," Branner responded that he would have to "read the publication" and find the support for "what the IRS agent told him." Long asked Branner if he was aware that the U. S. Tax Court held in Patterson v. Commissioner of Internal Revenue, TC Memo 1987-252, that "[w]here a taxpayer incurs unreimbursed expenses incident to rendering services to a charity, in order for the expenses to be deductible, the charitable organization must be the primary beneficiary of the taxpayer's unreimbursed expenses." (Def's Ex H-3.) Branner acknowledged that he had read the case and testified that *Page 3 
"Plaintiffs had nothing from the school" describing the item given or the amount of the item. He testified that the "letter from the school was obtained after the fact" and the "IRS told him that it was not required" for the charitable donation deduction to have the school acknowledge in writing the receipt of the items claimed as a donation. Long referenced Plaintiffs' Exhibit 5-19, pointing out that for noncash contributions, receipts and documentation are required. She testified that there is no evidence showing that Plaintiff "did not receive substantial personal direct benefit." Long cited Treasury Regulation 1.170F-1(7), stating the regulation "had been in place since August 17, 2006," and charitable donations that cannot be substantiated "do not qualify under law."
Branner referenced Plaintiffs' Exhibit 4, which included various spreadsheets labeled "Business Expense Summary" for years 2004 through 2008. (Ptfs' Ex 4 at 4 — 21.) He testified that "those are expenses incurred by Plaintiffs" but not all those listed expenses were claimed on the "amended returns" as charitable donations. Branner testified that some expenses on the summary were personal expenses and would not qualify as charitable donations. Branner was asked to identify the expenses and amounts claimed as charitable donations. He testified that he did not include a copy of the amended returns as Plaintiffs' exhibits nor did he identify or provide receipts or other substantiation for the amounts claimed as charitable donations. Branner stated that "all original receipts were provided to Defendant and not returned." He testified that the requested amount for charitable donations for tax year 2006 is $4,071 and for tax year 2007 is $4,583. Branner testified that he did not know the requested amount of charitable donations for tax year 2008. Long submitted receipts showing Plaintiff's wife's name or other expenses that could be considered personal, e.g. "pay movie," and questioned whether the claimed *Page 4 
charitable donations were of direct benefit to a charity or Plaintiffs. (Def's Ex E-7 through E-12.)
 II. ANALYSIS
The issue before the court is whether Plaintiffs are entitled to claim unreimbursed expenses as charitable donations for tax years 2006, 2007, and 2008.[1] "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530, WL 914208 at *2 (July 12, 2001) (citingFeves v. Dept. of Rev., 4 OTR 302 (1971)).
Plaintiffs' representative requested that the court allow Plaintiffs to claim a charitable donation deduction in the amount of $4,071 for tax year 2006 and $4,583 for tax year 2007. Plaintiff's representative did not specify an amount for tax year 2008. Plaintiffs did not testify. Plaintiffs submitted no evidence to support their request that the items and amounts claimed meet the statutory requirement of a charitable donation. Plaintiffs did not submit a list of items or any other documentation describing the items or amounts claimed as charitable donations. Plaintiffs' representative testified that the summaries of business expenses that were submitted were not the same amounts as Plaintiffs are now claiming as charitable donations. Defendant submitted receipts for items that clearly were personal and would not be allowable charitable donations. Plaintiffs' representative stated that those items and amounts were not included in Plaintiffs' requested charitable donation deduction claim. *Page 5 
Plaintiffs clearly have failed to carry their burden of proof by failing to prove that the requested charitable donation deductions should be allowed and failing to specify the requested deduction for tax year 2008.
 III. CONCLUSION
After careful consideration of Plaintiffs' representative's testimony and Plaintiffs' incomplete evidence, the court concludes that Plaintiffs failed to carry their burden of proof. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on June 15, 2011. The Court filed and entered this documenton June 15, 2011.
[1] The 2005 edition of the Oregon Revised Statues (ORS) is applicable to tax years 2006 and 2007. The 2007 edition is applicable to tax year 2008. ORS 305.427 is identical in both editions. *Page 1